IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SHERRY SERNA aka SHERRY LASKY,

       Plaintiff,

v.

THE HOME DEPOT SUPPLY, INC.; and
HOME DEPOT, U.S.A., INC. dba
THE HOME DEPOT #1519, LITTLETON HOME DEPOT #1519,

       Defendant.

---

**DEFENDANTS HD SUPPLY, INC., INCORRECTLY SUED AS THE HOME DEPOT SUPPLY, INC., AND HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendants Home Depot U.S.A., Inc. and HD Supply, Inc., incorrectly sued as The Home Depot Supply, Inc.,[1] dba The Home Depot #1519, Littleton Home Depot #1519 (collectively, "the Home Depot entities") hereby gives notice of removal of this lawsuit, captioned *Sherry Serna aka Sherry Lasky v. The Home Depot U.S.A., Inc.*, bearing case number 2022CV31672, from the District Court for the County of Arapahoe, Colorado to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), the Home Depot entities provide the following statement of grounds for removal.

---

[1] The entity formerly known as The Home Depot Supply, Inc. changed its named to HD Supply, Inc. in 2007. *See* Colorado Secretary of State Statement of Change, attached as **Exhibit 1.** Plaintiff has agreed to dismiss this entity as a defendant in this case. *See* Motion to Dismiss Second Through Sixth Claims for Relief, filed Sept. 29, 2022. However, the Court has not yet acted on this motion. Nevertheless, HD Supply, Inc.'s inclusion as a defendant preclude removal or detract from diversity jurisdiction because it shares the same citizenship based on its location of incorporation and principal place of business as Defendant Home Depot U.S.A., Inc.

1

## Introduction

1. Plaintiff Sherry Serna aka Sherry Lasky ("Plaintiff") sued the Home Depot entities for personal injury allegedly caused by a slip and fall on October 3, 2020 at the Home Depot store located at 3000 West Belleview Avenue in Littleton, Colorado.

2. As discussed in more detail below, the Home Depot entities remove this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.

3. Plaintiff is a citizen of Colorado and the Home Depot entities are deemed to be citizens of Georgia (the Home Depot entities' principal place of business) and Delaware (the Home Depot entities' state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for Plaintiff's alleged temporary and permanent physical impairment, disfigurement, emotional distress, and pecuniary loss.

## Background and Procedural History

4. Plaintiff commenced this lawsuit in the District Court for the County of Arapahoe, Colorado by filing a Complaint, captioned *Sherry Serna aka Sherry Lasky v. The Home Depot Supply, Inc.*, *et. al*., Case Number 2022CV31672, on or about September 1, 2022 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served on the Home Depot entities in the State Court Action are attached as **Exhibits 2 - 4.**

6. Additionally, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action, and a copy of the Register of Actions for the State Court Action are attached as **Exhibits 5 - 12.**

7. Plaintiff seeks damages for injuries allegedly sustained as a result of a fall on October 3, 2020 in the restroom at a Home Depot store location in Littleton, Colorado, which allegedly was caused when "Plaintiff slipped and fell on a slippery substance/liquid (i.e., water)[.]" *See* Complaint ¶¶ 28-30.

### Basis For Removal – Diversity Jurisdiction

8. Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states.

9. According to the Complaint, Plaintiff was, at all times relevant to this proceeding, a resident of the State of Colorado. Complaint ¶ 9. The Complaint identifies Plaintiff as residing at the time of filing at an address in Littleton, Colorado. *Id*. at p. 11.

10. In addition, Plaintiff's address is listed at the same location in Littleton, Colorado, in an Advanced Chiropractic and Wellness record disclosed in pre-litigation discussions relating to the incident, dated starting on October 5, 2020, two days after the incident, and covering the period through January 20,2021. *See* Advanced Chiropractic and Wellness LLC Account Ledger, attached as **Exhibit 13**.

11. Colorado Division of Real Estate records indicate that Plaintiff holds an active license to operate a real estate company, Charter Realty, Inc., from the same Littleton, Colorado address listed in the Complaint, and has held that license since June of 2018. Colorado Division of Real Estate license record, attached as **Exhibit 14**.

12. Plaintiff's Linkedin profile confirms that she owns and operates Charter Realty, Inc. and has also acted as a realtor for an entity named Ion Real Estate. *See* Linkedin profile, attached as **Exhibit 15**. Plaintiff's posting on the real estate listing site www.zillow.com for Ion

3

Real Estate states "I grew up in Parker, Colorado and have lived all of my life in Denver and the surrounding suburbs[.]"  Zillow posting, attached as **Exhibit 16**.

13. Although government voter registration records for Plaintiff could not be accessed, unofficial historical information indicates that she has been registered to vote in Jefferson County, Colorado since 2019.  *See* Voterrecords.com listing, attached as **Exhibit 17**.

14. Determining a person's domicile involves consideration of the "totality of the circumstances" in which "any number of factors might shed light on the subject in any given case." *Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014).  Circumstances such as the party's current residence, voter registration and voting practices, situs of real property ownership and, place of employment and business, are included among the person's connections which may bear on the citizenship determination.  *Id*. (quoting 13E Charles Alan Wright et al., *Federal Practice and Procedure* § 3612, at 536-41 (3d ed. 2009)).  *See also Alpine Bank v. Carney Bros. Const.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008) (identifying additional factors including employment status, length of residence, whether the party's home is owned or rented, and whether the party has moved his or her belongings). The status of factors such as these at the time of filing indicate the person's citizenship for purposes of the Court's jurisdictional analysis.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("the jurisdiction of the court depends upon the state of things at the time of the action brought.") (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)).

15. Home Depot U.S.A., Inc. is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in Georgia.  For purposes of federal diversity jurisdiction, Home Depot U.S.A., Inc. is a citizen of

Delaware and Georgia. 28 U.S.C. § 1332(c)(1). Colorado Secretary of State Report for Home Depot U.S.A., Inc., attached as **Exhibit 18.**

16. HD Supply, Inc., incorrectly sued as The Home Depot Supply, Inc., is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in Georgia. For purposes of federal diversity jurisdiction, this entity is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1). Colorado Secretary of State Report for HD Supply, Inc., attached as **Exhibit 19.**

17. Because Plaintiff is a citizen of Colorado and the Home Depot entities are citizens of Delaware and Georgia, complete diversity of citizenship exists.

18. The amount-in-controversy requirement is also satisfied in this case. The Complaint seeks damages for personal injuries and the following damages related to Plaintiff's alleged losses:

> As a direct, foreseeable, and proximate result of Defendant Home Depot Inc.'s statutory failures, Plaintiff, a business invitee and licensee, suffered and will suffer including, but not limited to, the following injuries, damages, and losses:
>
> (a) serious bodily injury;
>
> (b) past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;
>
> (c) past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;
>
> (d) temporary and permanent physical impairment; and
>
> (e) any disfigurement.
>
> Additionally, as a direct, foreseeable, and proximate result of Defendant [Home Depot U.S.A., Inc.]'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

Complaint ¶¶ 57(a-e), 58, 79(a-e), 80, 85(a-e), 86, 92(a-e), 93.

5

19. Moreover, Plaintiff sent the Home Depot entities' third-party administrator a pre-suit demand letter, alleging that Plaintiff's medical expense damages in this case total $219,201.72.

20. Therefore, based on Plaintiff's alleged injuries, damages, losses, and already incurred medical costs, it is plausible that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). *See also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding that the amount-in-controversy requirement can be satisfied by an estimate of the potential damages based upon "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000"); *Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Ok. 2003) ("Indeed, a pre-suit demand letter may be considered an 'other paper' from which defendants can determine the amount in controversy under 28 U.S.C. 1446(b)").

21. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and the Home Depot entities and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**Procedural Requirements**

22. The District Court for the County Arapahoe, Colorado is located within the District of Colorado. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

23. The Home Depot entities received notice of process of the original Complaint in the State Court Action on September 14, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of September 14, 2022.

24. There are no other defendants in this case and thus consent of other parties is not required. § 1446(b)(2)(A).

25. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court for the County of Denver, Colorado and will be promptly served on Plaintiff.

26. The Home Depot entities do not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

27. If any question arises as to the propriety of this removal, the Home Depot entities request the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, the Home Depot entities remove this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws.

DATED October 4, 2022.

*/s/ Lee Mickus*
Lee Mickus, Esq.
Alexandria Layton, Esq.
EVANS FEARS & SCHUTTERT LLP
3200 Cherry Creek Drive South
Suite 380
Denver, CO 80209
Telephone: (303) 656-2199
lmickus@efstriallaw.com
alayton@efstriallaw.com

*Attorneys for Defendants HD Supply, Inc. and Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, a true and correct copy of the foregoing **DEFENDANTS HD SUPPLY, INC., INCORRECTLY SUED AS THE HOME DEPOT SUPPLY, INC., AND HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL** was filed and served electronically through Colorado Courts E-Filing upon the following:

Heidi A. Tanner, #52115
THE PAUL WILKINSON LAW FIRM, LLC
999 Jasmine Street
Denver, CO 80220
Telephone: 303-333-7285
Facsimile: 303-756-1878
E-mail: heidi@pwlfllc.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ Kim Smith*
　　　　　　　　　　　　　　　　　　　　　For Evans Fears & Schuttert LLP