| | |
|---|---|
| **ARAPAHOE COUNTY DISTRICT COURT, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: September 1, 2022 12:46 PM<br>FILING ID: 11852C75D6143<br>CASE NUMBER: 2022CV31672 |
| Plaintiff(s):   **SHERRY SERNA a/k/a SHERRY LASKY**<br><br>v.<br><br>Defendant(s):  **THE HOME DEPOT SUPPLY, INC.;** and **HOME DEPOT U.S.A. INC. d.b.a. THE HOME DEPOT #1519, LITTLETON HOME DEPOT #1519.** | ▲Court Use Only▲ |
| *Attorney for Plaintiff:*<br><br>Heidi A. Tanner, Esq., #52115<br>**THE PAUL WILKINSON LAW FIRM, LLC**<br>999 Jasmine Street<br>Denver, Colorado 80220<br>Telephone:  (303) 333-7285<br>Facsimile:   (303) 756-1878 | Case No.:<br><br>Div./Ctrm.: |
| **COMPLAINT** | |

COMES NOW, Plaintiff Sherry Serna, through her attorneys, The Paul Wilkinson Law Firm, LLC, and brings this Complaint against Defendants The Home Depot Supply, Inc. and Home Depot U.S.A., Inc., d.b.a. The Home Depot #1519 and Littleton Home Depot #1519. As grounds, Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff Sherry Serna ("Plaintiff") seeks compensatory damages resulting from injuries arising under the Premises Liability Statute and Negligence.

2. On or about October 3, 2020, Plaintiff was injured when she slipped and fell due to a slippery substance/liquid on the floor of Littleton Home Depot #1519, located at 3000 West Belleview Avenue, Littleton, CO 80123 (hereinafter, "The Property").

3. As a result of the subject incident on or about October 3, 2020, Plaintiff suffered economic damages, noneconomic damages, and physical impairment described herein.

4. On information and belief, The Property was owned, controlled, occupied, maintained, and managed by Defendants The Home Depot Supply, Inc. and Home

**EXHIBIT 4**

      Depot U.S.A., Inc., a foreign corporation, d.b.a. The Home Depot #1519 and Littleton Home Depot #1519 (hereinafter referred to as "Defendants") on October 3, 2020.

5. As a direct and proximate result of the subject assault and battery, Plaintiff suffered economic damages, noneconomic damages, physical impairment, and disfigurement.

## PERSONAL JURISDICTION

6. Pursuant to C.R.S.A. § 13-1-124 (West 2020), this Court has personal jurisdiction over the parties to this action as the tortious action occurred on or about October 3, 2020, in the State of Colorado.

## SUBJECT MATTER JURISDICTION

7. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2020), this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $25, 000.00.

## VENUE

8. Pursuant to C.R.C.P. 98(c), venue is proper in Arapahoe County District Court because the tortious conduct at issue occurred in Arapahoe County, Colorado.

## GENERAL ALLEGATIONS

9. At all times relevant, Plaintiff was a resident of the City of Littleton, County of Jefferson, and State of Colorado.

10. At all times relevant hereto, The Home Depot Supply, Inc. was a Delaware foreign corporations, licensed to conduct business in the State of Colorado.

11. At all times relevant hereto, The Home Depot Supply, Inc.'s principal office street address was 3400 Cumberland Boulevard, Atlanta, GA 30339.

12. At all times relevant hereto, The Home Depot Supply, Inc. was registered with the Colorado Secretary of State.

13. At all times relevant hereto, The Home Depot Supply, Inc.'s registered agent was Corporation Service Company, located at 1900 West Littleton Boulevard, Littleton, CO 80120.

14. At all times material hereto, The Home Depot Supply, Inc. conducted business in the County of Arapahoe, and State of Colorado.

15. At all times relevant hereto, Home Depot U.S.A., Inc. was a Delaware foreign corporations, licensed to conduct business in the State of Colorado.

**EXHIBIT 4**

16. At all times relevant hereto, Home Depot U.S.A., Inc.'s principal office street address was 2455 Paces Ferry Road, Atlanta, GA 30339.

17. At all times relevant hereto, Home Depot U.S.A., Inc. was registered with the Colorado Secretary of State.

18. At all times relevant hereto, Home Depot U.S.A., Inc.'s registered agent was Corporation Service Company, located at 1900 West Littleton Boulevard, Littleton, CO 80120.

19. At all times material hereto, Home Depot U.S.A., Inc. conducted business in the County of Arapahoe, and State of Colorado.

20. At all times material hereto, Defendants owned The Property.

21. At all times material hereto, Defendants controlled The Property.

22. At all times material hereto, Defendants occupied The Property.

23. At all times material hereto, Defendants managed The Property.

24. At all times relevant hereto, Defendants maintained The Property.

25. In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on its premises.

26. In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on its premises.

27. In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on its premises and is vicariously liable for injuries resulting therefrom.

28. On or about October 3, 2020, Plaintiff was injured while on The Property.

29. At that time, Plaintiff slipped and fell on The Property.

30. At that time and place, Plaintiff slipped and fell on a slippery substance/liquid (i.e., water) while walking in the restroom on The Property.

31. At that time and place, the substance/liquid was not marked with a caution sign.

32. At that time and place, Plaintiff suffered damages including economic damages, noneconomic damages, and physical impairment as a result of slipping on the substance/liquid that had accumulated on the floor of the restroom on The Property.

**EXHIBIT 4**

33. On or about that time, Plaintiff was using reasonable care for her own safety.

34. On or about that time, there were no warning signs of the dangerous condition that existed on The Property.

35. On or about that time, Defendants created a dangerous condition on The Property.

36. As a result of this incident, Plaintiff is entitled to compensation for her injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF
### (Premises Liability against Defendant Home Depot Supply, Inc.)

37. Plaintiff incorporates the above and below paragraphs herein by reference.

38. Defendant Home Depot Supply, Inc. was legally responsible for the activities conducted or circumstances that existed on The Property at the time of the incident.

39. Defendant Home Depot Supply, Inc. was the landowner of The Property at the time of the incident pursuant to C.R.S. § 13-21-115(1) (West 2020).

40. On October 3, 2020, Plaintiff was a licensee on The Property owned, managed and/or maintained by Defendant Home Depot Supply, Inc., defined in C.R.S. § 13-21-115(5)(b) (West 2020) as a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent.

41. According to C.R.S. § 13-21-115(3)(b)(I)-(II) (West 2020), a licensee may recover for damages caused "…[b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew."

42. On October 3, 2020, Plaintiff was an invitee on The Property owned, controlled, occupied, managed, and/or maintained by Defendant Home Depot Supply, Inc.

43. An invitee is defined in C.R.S. § 13-21-115(5)(a) (West 2020) as a person who enters or remains on the land of another to transact business in which the parties are mutually interested, or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

44. According to C.R.S. § 13-121-115(3)(c)(I) (West 2020), "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care

**EXHIBIT 4**

to protect against dangers of which the landowner actually knew or should have known."

45. As a landowner, Defendant Home Depot Supply, Inc. owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115 (West 2020), including a duty to inspect, maintain and control The Property so that hidden and/or latent conditions were rendered safe.

46. Additionally, Defendant Home Depot Supply Inc. owed Plaintiff a duty to prevent hazardous conditions on The Property.

47. Additionally, Defendant Home Depot Supply Inc. owed Plaintiff a duty to correct hazardous conditions on The Property.

48. Additionally, Defendant Home Depot Supply Inc. owed Plaintiff a duty to eliminate hazardous conditions on The Property.

49. Additionally, Defendant Home Depot Supply Inc. owed Plaintiff a duty to warn of hazardous conditions on The Property.

50. Defendant Home Depot Supply, Inc. failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

51. Defendant Home Depot Supply, Inc. failed to exercise reasonable care to protect against the dangers of which they actually knew existed on The Property at the time of the incident.

52. Defendant Home Depot Supply, Inc. failed to exercise reasonable care to protect against the dangers of which they should have known existed on The Property at the time of the incident.

53. Defendant Home Depot Supply, Inc. unreasonably failed to correct the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

54. Defendant Home Depot Supply, Inc. unreasonably failed to eliminate the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

55. Defendant Home Depot Supply, Inc. unreasonably failed to warn of the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

56. As a direct, foreseeable, and proximate result of Defendant Home Depot Supply, Inc.'s statutory failures, Plaintiff, a business invitee and licensee, sustained severe injuries, damages, and losses.

**EXHIBIT 4**

57. As a direct, foreseeable, and proximate result of Defendant Home Depot Inc.'s statutory failures, Plaintiff, a business invitee and licensee, suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

    a. Serious bodily injury;

    b. Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

    c. Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

    d. Temporary and permanent physical impairment; and

    e. Any disfigurement.

58. Additionally, as a direct, foreseeable, and proximate result of Defendant Home Depot Supply, Inc.'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

## SECOND CLAIM FOR RELIEF
### (Premises Liability against Defendant The Home Depot U.S.A., Inc.)

59. Plaintiff incorporates the above and below paragraphs herein by reference.

60. Defendant The Home Depot U.S.A., Inc. was legally responsible for the activities conducted or circumstances that existed on The Property at the time of the incident.

61. Defendant The Home Depot U.S.A., Inc. was the landowner of The Property at the time of the incident pursuant to C.R.S. § 13-21-115(1) (West 2020).

62. On October 3, 2020, Plaintiff was a licensee on The Property owned, managed and/or maintained by Defendant The Home Depot U.S.A., Inc., defined in C.R.S. § 13-21-115(5)(b) (West 2020) as a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent.

63. According to C.R.S. § 13-21-115(3)(b)(I)-(II) (West 2020), a licensee may recover for damages caused "…[b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew."

**EXHIBIT 4**

64. On October 3, 2020, Plaintiff was an invitee on The Property owned, controlled, occupied, managed, and/or maintained by Defendant The Home Depot U.S.A., Inc.

65. An invitee is defined in C.R.S. § 13-21-115(5)(a) (West 2020) as a person who enters or remains on the land of another to transact business in which the parties are mutually interested, or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

66. According to C.R.S. § 13-121-115(3)(c)(I) (West 2020), "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew or should have known."

67. As a landowner, Defendant The Home Depot U.S.A., Inc. owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115 (West 2020), including a duty to inspect, maintain and control The Property so that hidden and/or latent conditions were rendered safe.

68. Additionally, Defendant The Home Depot U.S.A., Inc. owed Plaintiff a duty to prevent hazardous conditions on The Property.

69. Additionally, Defendant The Home Depot U.S.A., Inc. owed Plaintiff a duty to correct hazardous conditions on The Property.

70. Additionally, Defendant The Home Depot U.S.A., Inc. owed Plaintiff a duty to eliminate hazardous conditions on The Property.

71. Additionally, Defendant The Home Depot U.S.A., Inc. owed Plaintiff a duty to warn of hazardous conditions on The Property.

72. Defendant The Home Depot U.S.A., Inc. failed to meet its duties relative to the hazardous conditions existing on The Property at the time of the incident.

73. Defendant The Home Depot U.S.A., Inc. failed to exercise reasonable care to protect against the dangers of which they actually knew existed on The Property at the time of the incident.

74. Defendant The Home Depot U.S.A., Inc. failed to exercise reasonable care to protect against the dangers of which they should have known existed on The Property at the time of the incident.

75. Defendant The Home Depot U.S.A., Inc. unreasonably failed to correct the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

**EXHIBIT 4**

76. Defendant The Home Depot U.S.A., Inc. unreasonably failed to eliminate the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

77. Defendant The Home Depot U.S.A., Inc. unreasonably failed to warn of the hazardous condition on The Property, which it actually knew or reasonably should have known existed on The Property at the time of the incident.

78. As a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A., Inc.'s statutory failures, Plaintiff, a business invitee and licensee, sustained severe injuries, damages, and losses.

79. As a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A. Inc.'s statutory failures, Plaintiff, a business invitee and licensee, suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

    a. Serious bodily injury;

    b. Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

    c. Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

    d. Temporary and permanent physical impairment; and

    e. Any disfigurement.

80. Additionally, as a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A., Inc.'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

## THIRD CLAIM FOR RELIEF
### (Negligence against Defendant Home Depot Supply, Inc.)

81. Plaintiff incorporates the above and below paragraphs herein by reference.

82. Defendant Home Depot Supply, Inc. owed duties to Plaintiff to:

    a. Provide a safe environment on The Property;

    b. Exercise reasonable care in inspecting The Property;

**EXHIBIT 4**

    c. Exercise reasonable care in maintaining The Property;

    d. Exercise reasonable care in controlling The Property;

    e. Correct hazardous conditions on The Property;

    f. Eliminate hazardous conditions on The Property; and

    g. Warn of hazardous conditions on The Property.

83. Defendant Home Depot Supply, Inc. breached the duties they owed to Plaintiff and were negligent and careless in the following respects:

    a. Failing to provide a safe environment on The Property;

    b. Failing to exercise reasonable care in inspecting The Property;

    c. Failing to exercise reasonable care in maintaining The Property;

    d. Failing to correct hazardous conditions on The Property;

    e. Failing to eliminate hazardous conditions on The Property; and

    f. Failing to warn of hazardous conditions on The Property.

84. As a direct, foreseeable, and proximate result of Defendant Home Depot Supply, Inc.'s statutory failures, Plaintiff sustained severe injuries, damages, and losses.

85. As a direct, foreseeable, and proximate result of Defendant Home Depot Supply, Inc.'s statutory failures, Plaintiff suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

    a. Serious bodily injury;

    b. Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

    c. Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

    d. Temporary and permanent physical impairment; and

**EXHIBIT 4**

      e.   Any disfigurement.

86.   Additionally, as a direct, foreseeable, and proximate result of Defendant Home Depot Supply, Inc.'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

87.   On or about October 3, 2020, Defendant Home Depot Supply, Inc. was 100 percent negligent, careless and/or reckless in causing the incident.

## FOURTH CLAIM FOR RELIEF
### (Negligence against Defendant The Home Depot U.S.A., Inc.)

88.   Plaintiff incorporates the above and below paragraphs herein by reference.

89.   Defendant The Home Depot U.S.A., Inc. owed duties to Plaintiff to:

      a.   Provide a safe environment on The Property;

      b.   Exercise reasonable care in inspecting The Property;

      c.   Exercise reasonable care in maintaining The Property;

      d.   Exercise reasonable care in controlling The Property;

      e.   Correct hazardous conditions on The Property;

      f.   Eliminate hazardous conditions on The Property; and

      g.   Warn of hazardous conditions on The Property.

90.   Defendant The Home Depot U.S.A., Inc. breached the duties they owed to Plaintiff and were negligent and careless in the following respects:

      a.   Failing to provide a safe environment on The Property;

      b.   Failing to exercise reasonable care in inspecting The Property;

      c.   Failing to exercise reasonable care in maintaining The Property;

      d.   Failing to correct hazardous conditions on The Property;

      e.   Failing to eliminate hazardous conditions on The Property; and

      f.   Failing to warn of hazardous conditions on The Property.

**EXHIBIT 4**

91. As a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A., Inc.'s statutory failures, Plaintiff sustained severe injuries, damages, and losses.

92. As a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A., Inc.'s statutory failures, Plaintiff suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

    a. Serious bodily injury;

    b. Past and future economic expenses, losses, and damages including, but not limited to, loss of use, diminishment of value, medical and other health care and rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings, loss of earning capacity, property damage, and loss of time;

    c. Past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life;

    d. Temporary and permanent physical impairment; and

    e. Any disfigurement.

93. Additionally, as a direct, foreseeable, and proximate result of Defendant The Home Depot U.S.A., Inc.'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

94. On or about October 3, 2020, Defendant The Home Depot U.S.A., Inc. was 100 percent negligent, careless and/or reckless in causing the incident.

Dated this 1st day of September 2022.

Respectfully submitted,

**The Paul Wilkinson Law Firm, LLC**

*This pleading was filed electronically pursuant to Rule 121, §1-26. The original signed pleading is in counsel's file.*

*/s/ Heidi A. Tanner*_____
Heidi A. Tanner, Esq., #52115
999 Jasmine St.
Denver, CO 80220
*Attorney for Plaintiff*

**Plaintiff's Address:**
5874 S. Taft Court
Littleton, CO 80127

**EXHIBIT 4**